IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LEVI CALVIN McKINNEY, § | | |
| TDCJ-CID No. 645582, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-06-0109 |
| § | | |
| TDCJ DIRECTOR, § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Levi Calvin McKinney, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against the TDCJ-CID Director alleging that he is being illegally confined. The court will dismiss this action as frivolous.

Without providing any cause number, court information or case procedural history, McKinney asserts that he was convicted of delivery of a controlled substance and sentenced to fifteen years in prison. He was paroled in 1996, and his parole was revoked in 2001. He was paroled again in 2002 and was subsequently returned to prison after having his parole revoked for a second time. McKinney alleges that he was denied credit for time served after both revocations. He seeks restoration of his lost time credits.

When an inmate files a civil rights complaint which challenges the legality of his confinement, he must show that the conviction has been overturned on direct appeal or in a post-conviction application for a writ of habeas corpus. *See Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). Challenges regarding denial of time credit are subject to *Heck's* requirement. *Rooding v.*

*Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996). *See also Edwards v. Balisok*, 117 S.Ct. 1584, 1589 (1997); *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1997).

McKinney alleges that there is a time calculation error in his prison records, but he does not demonstrate that the decision regarding his time credit has been overturned by judicial action or a decision by an appropriate tribunal. Because the remedy he seeks is an accelerated release from prison, he must file a habeas petition. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing*, *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

McKinney has not identified the county or court where he was convicted nor does he allege that he has sought relief in the state courts as is required by 28 U.S.C. § 2254 before filing a federal habeas petition. Moreover, there is some indication that at least part of his claims would be time barred in a habeas proceeding because they concern a revocation which occurred years ago. *See* 28 U.S.C. § 2244(d)(1)(D); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2003). This action is frivolous because it lacks an arguable basis in law. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). This action is **DISMISSED** without prejudice to refiling when McKinney is able to comply with the *Heck* requirements. *Clarke*, 154 F.3d at 191.

McKinney has submitted an Application to Proceed In Forma Pauperis (*see* Docket Entry No. 2) which shall be granted. McKinney shall pay $ 350.00, the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund shall collect this amount from McKinney's trust account by deducting 20 % from each deposit to the account and forward the money to the court in accordance with § 1915(b). No initial partial fee shall be collected because

the *in forma pauperis* data sheet (Docket Entry No. 2-2) indicates that there were no funds in McKinney's account when the pauper's application was filed.

McKinney has filed a Motion for Appointment of Counsel (Docket Entry No. 6) which shall be denied because there is no constitutional right to appointed counsel in civil rights actions and the issues presented do not warrant such appointment. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). McKinney's Motion for a Pretrial Hearing (Docket Entry No. 8) will be denied as moot.

## Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee and forward the funds to the Clerk of this court pursuant to the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order.

3. This prisoner civil rights action is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. All other motions (Docket Entry Nos. 6 and 8) are **DENIED**.

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number (936) 437-4793; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 25th day of September, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE